UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| COREY SIMON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO: 4:21-cv-109 |
| | ) |
| SOUTHERN INDIANA | ) |
| ELECTRICAL & HVAC, LLC., | ) |
| | ) |
| Defendant. | ) |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

**I. NATURE OF THE CASE**

1. Plaintiff, Corey Simon ("Simon" or "Plaintiff"), by counsel, brings this action against Defendant, Southern Indiana Electrical & HVAC, LLC., ("Defendant"), alleging violations of the Americans with Disabilities Act ("ADA"), as amended, 42 U.S.C. §12101 *et. seq.*, Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et. seq.* and Indiana common law.

**II. PARTIES**

2. Simon is a resident of Harrison County in the State of Indiana, who at all times relevant to this litigation resided within the geographical boundaries of the Southern District of Indiana.

3. Defendant is a domestic corporation that maintains offices and conducts business in the Southern District of Indiana.

### III.  JURISDICTION AND VENUE

4. Jurisdiction is conferred on this Court over the subject matter of this litigation pursuant to 28 U.S.C. §1331; 28 U.S.C. §1343; 42 U.S.C. § 2000e-5(f)(3); and 42 U.S.C. §12117.  Jurisdiction is conferred over Simon's state law claim pursuant to 28 U.S.C. §1367 because his state law claims arise from the same common nucleus of operative facts as his federal law claims and all his claims form a single case and controversy under Article III of the United States Constitution.

5. Defendant is an "employer" as that term is defined by 42 U.S.C. §12111(5)(A) and 42 U.S.C. § 2000e(b).

6. At all times relevant to this action, Simon was an "employee" as that term is defined by 42 U.S.C. §12111(4) and 42 U.S.C. § 2000e(f).

7. Simon is a "qualified individual with a disability" as defined by the Americans with Disabilities Act, 42 U.S.C. §§12102(2) and 12111(8) and/or Defendant knew of Simon's disability and/or regarded Simon as being disabled and/or Simon had a record of being disabled.

8. Simon exhausted his administrative remedies by timely filing a Charge of Discrimination against Defendant with the Equal Employment Opportunity Commission alleging discrimination based on his sex and disability. Simon files this complaint within ninety (90) days of receipt of his Notice of Right to Sue.

9. A substantial part of the events, transactions, and occurrences concerning this lawsuit arose in the geographical environs of the Southern District of Indiana; therefore, venue is proper in this Court.

## IV. FACTUAL ALLEGATIONS

10. Simon was hired by Defendant on or about May 18, 2020, as an Electrician.

11. Simon reported to John Purcell and Alex Klein. At all relevant times, Simon met or exceeded Defendant's legitimate performance expectations.

12. Beginning in or about September 2020, Simon was subjected to pervasive comments related to and/or questioning his sexual orientation by Paul Roberts and Todd Conrad, his coworkers. Simon was called a "fag," was told that the reason he needed dental work because he had been "sucking dick," and was constantly told he was gay, bisexual, or trisexual.

13. No remedial action was taken to protect Simon.

14. Simon suffers from depression and an anxiety disorder. Defendant was aware of his condition when Simon was hired, as Simon informed Klien during his interview.

15. On or about October 6, 2020, Simon was injured at work when he stepped off a ladder, severely sprained his ankle on a PVC pipe, and fell. Simon promptly reported the incident to Alex Klein, the owner, as well as his intent to file for workers compensation benefits.

16. Upon being informed of Simon's injury, Purcell called Simon "retarded," stated that he had "problems in [his] brain" due to his depression and anxiety disorder, and cursed at him. Similarly, Klien discounted the legitimacy of Simon's injury and terminated Simon's employment on October 8, 2020.

17. Ultimately, Simon was diagnosed with a severely sprained ankle and severely sprained medial collateral ligament of the right knee.

## V. CAUSES OF ACTION

### COUNT I: SEX DISCRIMINATION

17.     Simon hereby incorporates by reference paragraphs one (1) through sixteen (16) of his complaint.

18.     Defendant discriminated against Simon based on his sex.

19.     Defendant's actions were intentional, willful, and in reckless disregard of Simon's rights as protected by Title VII of the Civil Rights Act of 1964.

20.     Simon has suffered and continues to suffer damages as a result of Defendant's unlawful actions.

### COUNT II: DISABILITY DISCRIMINATION

21.     Simon hereby incorporates by reference paragraphs one (1) through twenty (20) of his complaint.

22.     Defendant discriminated against Simon in violation of the Americans with Disabilities Act, 42 U.S.C. 12101, *et. seq*.

23.     Defendant's actions were intentional, willful, and in reckless disregard of Simon's rights as protected by the ADA.

24.     Simon has suffered and continues to suffer damages as a result of Defendant's unlawful actions.

### COUNT III: WRONGFUL TERMINATION

25.     Simon hereby incorporates by reference paragraphs one (1) through twenty-four (24) of his complaint.

26. Defendant terminated Simon's employment to interfere with or retaliate against him for suffering an on-the-job injury for which he intended to file or had filed a claim for workers compensation benefits.

27. Simon has suffered and continues to suffer damages as a result of Defendant's unlawful actions.

## VI.  REQUESTED RELIEF

WHEREFORE, Plaintiff, Corey Simon, by counsel, respectfully requests that this Court enter judgment in his favor and award him the following relief:

1. Reinstate Simon's employment to the position and salary he would have enjoyed but for Defendant's unlawful actions; and/or payment to Simon of front pay in lieu thereof;

2. Permanently enjoin Defendant from engaging in any employment policy or practice that discriminates against any employee on the basis of his/her gender, disability or suffering an on-the-job injury;

3. Order that the Plaintiff be awarded any back pay he would have earned, including fringe benefits, with related monetary benefits and interest thereon, absent Defendant's unlawful acts;

4. Award the Plaintiff compensatory and consequential damages in an amount sufficient to compensate Plaintiff for the damages caused by the Defendant's unlawful actions;

5. Award the Plaintiff punitive damages;

6. Award the Plaintiff his costs and attorney's fees incurred as a result of bringing this action;

7. Award the Plaintiff pre- and post-judgement interest on all sums recoverable; and

8. Grant all other legal and/or equitable relief as may be just and proper.

Respectfully submitted,

/s Andrew Dutkanych
Andrew Dutkanych, Attorney No. 23551-49
BIESECKER DUTKANYCH & MACER, LLC
144 North Delaware Street
Indianapolis, Indiana 46204
Telephone:   (317) 991-4765
Facsimile:   (812) 424-1005
Email: ad@bdlegal.com

*Attorneys for Plaintiff, Corey Simon*

## DEMAND FOR JURY TRIAL

The Plaintiff, Corey Simon, by counsel, respectfully requests a jury trial as to all issues deemed so triable.

Respectfully submitted,

/s Andrew Dutkanych
Andrew Dutkanych, Attorney No. 23551-49
BIESECKER DUTKANYCH & MACER, LLC
144 North Delaware Street
Indianapolis, Indiana 46204
Telephone:   (317) 991-4765
Facsimile:   (812) 424-1005
Email: ad@bdlegal.com

*Attorneys for Plaintiff, Corey Simon*